State v. Flynn.

the laws of the State of Tennessee, unless the race is run within a substantial inclosure, and the bet made therein, and that the statute is not vicious class legislation. That the class legislation is not arbitrary or capricious, as the law embraces all persons and affects alike all who are or choose to place themselves within its reach.

So in the case at bar, the law "embraces all persons alike who choose to place themselves within its reach," and is not, therefore, vicious class legislation, either as to persons or place.

And if bawdy houses, the sale by retail of intoxicating liquors, and gambling, may be licensed by the State in the exercise of its police powers to be conducted by certain persons, at specified places, and prohibited at all others, in regard to which there can be no question, for the same reasons it must follow that the Act of 1897, in declaring betting on horse racing to be gambling, and in authorizing it, and the licensing of book-making and pool-selling, to be carried on at certain race-courses, and in prohibiting it at all other places, is a legitimate exercise of the police power of the State.

The act is not in an way in conflict with section 1, article 14, of the amendments to the Constitution of the United States.

Our conclusion is that the law is valid and that the judgment should be affirmed. It is so ordered. All concur.

---

STATE v. FLYNN, Appellant.

In Banc, February 19, 1901.

Appeal from St. Louis Court of Criminal Correction.—*Hon. Willis H. Clark,* Judge.

AFFIRMED.

*T. J. Rowe* for appellant.

*Edward C. Crow,* Attorney-General, *Sam B. Jeffries,* Assistant Attorney-General and *H. S. Priest* for the State.

BURGESS, C. J.—This is a companion case of State v. Williams and Thompson, decided at the present term, page 333 of this volume, and for the same reasons given in that case, the judgment is affirmed.   All concur.

## CADEMATORI, Appellant, v. GAUGER et al.

### Division Two, February 26, 1901.

1. **Separate Estate:** EXCLUSION OF HUSBAND'S INTEREST.  Where the deed conveys the property in trust "for the sole and only use and benefit of the wife," the interest of the husband is thereby excluded. It is not necessary that there be a separate clause expressly excluding the interest of the husband in the property conveyed.

2. ———: CONSENT OF HUSBAND.  Where there is nothing in the terms of a deed to a trustee for the wife's use, which makes it necessary to obtain the written consent of the husband before she can convey